UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | |
|---|---|
| LINCARE INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SIDNEY McKINNEY, an individual, and<br>HOME MEDICAL PRODUCTS, INC.,<br>a Tennessee corporation,<br><br>    Defendants. | Case No.: 1:14-CV-01272-JDB-egb |

## AGREED FINAL JUDGMENT OF PERMANENT INJUNCTION

Plaintiff Lincare Inc. ("**Lincare**") has filed a Verified Complaint for Injunctive Relief and Damages [Dkt. 1] against Sidney McKinney ("**Mr. McKinney**") and Home Medical Products, Inc. ("**HMP**") (collectively, "**Defendants**").

Defendants consent to entry of this Agreed Final Judgment of Permanent Injunction voluntarily and without further notice. Defendants waive the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure and waive any right to appeal from this Agreed Final Judgment of Permanent Injunction.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED and DECREED that:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2. This Court finds that Defendants have consented to this Agreed Final Judgment of Permanent Injunction.

3. Mr. McKinney, individually and doing business as or through any other entity, and anyone acting in concert therewith, is permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentalities:

A. Soliciting any of the referral sources identified within **Sealed Exhibit A** ("**Lincare Referral Sources**"), which is a list of 24 medical practices in Western Tennessee that constitutes confidential business information and will be filed under seal; and

B. Conducting any Competitive Business in any of the following four counties located within Tennessee: (i) Lauderdale; (ii) Haywood; (iii) Dyer; and (iv) Tipton. The term "Competitive Business" shall mean engaging in any conduct or act, directly or indirectly, to engage or participate, attempt to engage or participate, or assist any individual or entity in engaging or participating in, any conduct or act that:

a. Solicits, encourages, convinces, assists, or otherwise facilitates or causes any individual or entity to conduct business with HMP or any other business that provides products or services similar to those provided by Lincare;

b. Solicits, encourages, convinces, assists, or otherwise facilitates or causes any individual or entity to eliminate, reduce, or otherwise decrease the business currently transacted or that may be transacted with Lincare;

c. Accepting any business, commission, fees, salary, compensation, or other consideration, from any Lincare Referral Source;

d. Entering into any employment, contractual, partnership, corporate, customer, consulting, supplier or other business relationship or transaction with any Lincare Referral Source; and/or

e. Soliciting, encouraging, convincing, or otherwise assisting any individual who is or was a Lincare employee, consultant or contractor to compete with Lincare or to perform services for or on behalf of HMP or any other business that provides products or services similar to those provided by Lincare.

f. Specifically excluded from the limitations set forth in this paragraph B are the performance of administrative job activities by Mr. McKinney, which Mr. McKinney may perform at any HMP office locations so long as such job activities do not include the solicitation of any Lincare Referral Sources or the performance of any Competitive Business as defined above.

C. It is further ORDERED, ADJUDGED and DECREED that each Defendant shall provide to Lincare a declaration pursuant to 28 U.S.C. § 1746 in the form attached hereto as **Exhibit B** that shall serve as a monthly certification that Defendants are complying with the terms of this Permanent Injunction. The declarations attached as Exhibit B are to be signed by Mr. McKinney and HMP representative Michael Prichard, and shall be postmarked and sent to Lincare, c/o Matthew J. Meyer, Ansa Assuncao, LLP, 100 S. Ashley Dr., Suite 1740, Tampa, Florida 33602, on the first business day of every month until the termination of this Permanent Injunction, with an email copy sent to matthew.meyer@ansalaw.com

D. It is further ORDERED, ADJUDGED and DECREED that this Permanent Injunction shall remain in full force and effect until September 30, 2015 and that this Court shall retain continuing jurisdiction over the Parties and subject matter to enforce the terms and conditions of this Permanent Injunction. Beginning October 1, 2015, this Permanent Injunction will expire and all parties hereto will be relieved of any responsibilities, restrictions or

obligations herein, provided, however, that the Court may extend this Permanent Injunction by any period during which HMP or Mr. McKinney has violated its terms.

  E. This order constitutes a final judgment upon all claims, defenses and counterclaims in this case.

  There being no reason for delay, this Judgment shall take effect immediately upon its entry and the Clerk is directed to enter this Agreed Final Judgment of Permanent Injunction forthwith.

  IT IS SO ORDERED.


  Date: January 30, 2015.

             s/ J. DANIEL BREEN
             CHIEF UNITED STATES DISTRICT JUDGE